1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

9
10

ROQUE "ROCKY" DE LA FUENTE,

11

       Plaintiff,

12

vs.

13

14

KIM WYMAN, in her official capacity as the
Secretary of State of the State of Washington,

15

       Defendant.

16

Case No.: _____

**COMPLAINT FOR INJUNCTIVE &
DECLARATORY RELIEF**

17
18

## I.    <u>NATURE OF THE COMPLAINT</u>

19

     1.     Plaintiff, ROQUE "ROCKY" DE LA FUENTE by and through his undersigned

20

legal counsel, files this civil action pursuant to 42 U.S.C. § 1983 for prospective equitable and

21

declaratory relief against Defendant, KIM WYMAN, made a party to this action in her official

22

capacity as the Secretary of State for the State of Washington and as the chief elections official

23

charged with enforcement of Washington Election Code, RCW 29A.56.031, which Plaintiff

24

alleges violates rights guaranteed to him under the presidential Qualifications Clause of Article II

25

and the First and Fourteenth Amendments to the United States Constitution.

26
27
28

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

## II.   JURISDICTION

2.      Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that the district courts of the United States shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

3.      Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983 as Plaintiff alleges violation of rights guaranteed to him under the United States Constitution.

## III.   VENUE

4.      Venue is proper in the United States District Court for the Western District of Washington, Tacoma Division under 28 U.S.C. § 1391 as Defendant exercises her statutory authority as the chief elections official of the State of Washington within this district, maintains official offices within this district, and all of the events and/or omissions giving rise to the claims advanced in this litigation occurred in this district.

## IV.   PARTIES

5.      Plaintiff Roque "Rocky" De La Fuente, is a registered voter and a member of the Republican Party and is a declared candidate for the 2020 presidential nomination of the Republican National Convention.  Plaintiff registered as a presidential candidate seeking the 2020 Republican Party presidential nomination with the Federal Elections Commission (hereinafter "FEC") on May 16, 2019.  Plaintiff De La Fuente's FEC presidential identification number is P60016342.  As a candidate for the 2020 Republican Party presidential nomination, Plaintiff De La Fuente intends to secure ballot access to Washington's 2020 Republican presidential primary election, seeking to contest for Washington's 44 delegates and 44 alternate delegates to the 2020 Republican National Convention.  However, Plaintiff De La Fuente refused

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 2

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

to pay a $12,000 donation to the Washington Republican Party as a condition precedent to securing access to the Washington Republican presidential primary election.  Plaintiff De La Fuente is a resident of San Diego County in the State of California.

6.      Plaintiff De La Fuente is over the age of 35, is a natural born citizen of the United States of America, having been born in San Diego, California and has been a continual resident of the United States for over 35 years.

7.      Plaintiff De La Fuente satisfies all of the qualifications enumerated under the Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution.

8.      Defendant Kim Wyman is the Secretary of State of the State of Washington, and is made a party to this action in her official capacity as the official charged with enforcement of the Washington Election Code, RCW 29A.56.031, which imposes an additional qualification beyond the exclusive list enumerated in the Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution, preventing Plaintiff De La Fuente from securing access to Washington's 2020 Republican Party presidential primary election ballot which required Plaintiff to pay $12,000 to the Washington Republican Party as a condition precedent to appear on Washington's taxpayer funded presidential primary election.  Defendant's principal place of business is located at 416 Sid Snyder Avenue, S.W., Olympia, Washington 98504-02220.

## V.   <u>FACTUAL ALLEGATIONS</u>

9.      The Presidential Qualification Clause of Article II, Section 1, Clause 5 of the United States Constitution provides the exclusive list of qualifications for an individual to be eligible to seek the Office of President of the United States.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 3

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

10.     Article II, section 1, clause 5 of the United States Constitution provides that:

No person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

11.     Further, the United States Constitution provides the exclusive list of methods by which a person otherwise eligible for the Office of President may be disqualified to hold the Office of President under the following constitutional provisions:

(a)     Article I, section 3, clause 7;

(b)     Fourteenth Amendment, section 3;

(c)     Twenty-Second Amendment.

12.     Plaintiff De La Fuente satisfies the constitutional requirements to hold the Office of President of the United States.

13.     Plaintiff De La Fuente is not otherwise disqualified by any constitutional provision from holding the Office of President of the United States.

14.     No provision of the United States Constitution provides any authority for the State of Washington to impose additional requirements on eligible citizens to hold the Office of President that are not tethered to a State's legitimate interest to maintain an orderly ballot or properly regulate Washington's election machinery.

15.     Plaintiff De La Fuente is one of only two candidates challenging President Trump for the 2020 Republican presidential nomination to have qualified for every 2020 state presidential primary election ballot where candidates have been permitted to secure ballot access without the imposition of additional qualifications such as the payment of mandatory contributions to state party organizations.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

16.     RCW 29A.56.031 provides that candidates seeking the 2020 Republican

presidential nomination may only appear on Washington's presidential primary election ballot if:

> "Each party must determine which candidates are to be placed on the presidential
> primary ballot for that party.  The chair of each party must submit to the secretary
> of state the names of the candidates to appear on the ballot for that party no later
> than sixty-three days before the presidential primary.  Once submitted, changes
> must not be made to the candidates that will appear on the ballot.
> No later than the seventh day before the presidential nomination primary, the chair
> of each party must submit to the secretary of state the names of write-in candidates,
> if any, to be counted for that party."

17.     The Washington Republican presidential primary election is a taxpayer funded

election contest.

18.     RCW 29A.56.031 is not a provision which tests whether or not a candidate has a

modicum of support within the electorate to secure access to Washington's presidential primary

election ballot.  The challenged provision simply imposes an additional qualification by

delegating to a small number of party insiders the authority to impose self-serving additional

requirements, such as requiring presidential candidates to pay a mandatory donation of $12,000

to the Washington Republican Party, as a condition precedent to secure access to Washington's

presidential primary election ballot – a requirement beyond the exclusive list of qualifications

enumerated in Article II, Section 1, Clause 5 of the United States Constitution.

19.     No provision of the federal constitution provides that presidential candidates may

be forced to make large donations to a political party as a condition precedent to appear on an

election ballot made part of the process to select the next President of the United States.

20.     The Washington Republican Party used its delegated authority under RCW

29A.56.031 to extort, as an additional qualification, $12,000 donations from any presidential

candidate challenging President Trump for the 2020 nomination of the Republican National

Convention.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 5

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

21.     There has been a concerted effort to deny any challenger to President Trump's campaign to secure the 2020 RNC nomination access to state funded primary election ballots.

22.     For instance, the Minnesota Republican Party has admitted to a coordinated effort with the Trump campaign to block any other candidate for the 2020 Republican Party nomination from securing access to the 2020 Minnesota Republican presidential primary election ballot.  In Minnesota, the Minnesota Republican Party refused to submit the name of any other presidential candidate to the Minnesota Secretary of State to be included on Minnesota's 2020 presidential primary election ballot.

23.     Similar to the Washington Republican Party, the Florida Republican Party exercised the same delegation of authority challenged in this action to openly brag that any candidate who made a $25,000 donation to their party would be placed on the Florida Republican presidential primary ballot.

24.     Plaintiff De La Fuente has complied with every requirement of the Washington Republican Party to secure ballot access to Washington's 2020 presidential primary election ballot except that he refused to pay a $12,000 donation to the Washington Republican Party.

25.     The Washington Republican Party took every action possible to prevent Plaintiff from securing support from members of the Republican State Committee and refused and failed to provide accurate contact information to permit Plaintiff to make contact with party leaders.

26.     Accordingly, the challenged provisions of RCW 29A.56.031 subject challengers for the 2020 Republican Party nomination to arbitrary and capricious demands by rival and contending factions within the Washington Republican Party in excess of ballot access restrictions that Defendant may constitutionally enforce and exceeds the limited qualifications for presidential candidates established under the presidential Qualifications Clause.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 6

27.     Plaintiff De La Fuente intends to associate with the Republican voters of Washington to provide them the opportunity to elect delegates and alternate delegates to nominate a candidate free from the stain of impeachment proceedings in a radically altered political terrain that is likely to take shape over the next several months.

28.     The requirement of RCW 29A.56.031 that Plaintiff De La Fuente's access to Washington's Republican presidential primary election ballot is conditioned on being deemed qualified by the executive committee of the Washington Republican Party by paying a $12,000 donation to the state party, violates rights guaranteed to Plaintiff under the presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution.

29.     The challenged statute is not designed to avoid ballot clutter or promote a more manageable ballot because each political party is permitted to place as many candidates on the presidential primary ballot as the party demands – all without any requirement that candidates demonstrate support within the party electorate.

30.     The challenged statute is not designed to force, or even permit, a candidate to show any threshold of public support to secure access to the 2020 Washington Republican presidential primary ballot.

31.     The challenged statute is not designed to promote an orderly or well-regulated election process.

32.     The delegation of unfettered authority to permit a state political party to deny access to Washington's taxpayer funded presidential primary election ballot unless a candidate make a large $12,000 donation to the state party is not designed to promote an orderly or well-regulated election process – it only promotes a corrupt election procedure.

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 7**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686

33.     RCW 29A.56.031 applies only to access to the presidential primary ballot and no other election ballot.

34.     Washington has a diminished state interest in regulating the presidential primary election ballot because the presidential primary and general elections are the only elections conducted within Washington which are decided outside the borders of the State.

35.     The United States Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780 (1983), established that a state may not impose its most stringent ballot access restrictions to prevent ballot access for presidential candidates.

36.     The challenged statute's only purpose is to prevent otherwise eligible citizens from being able to contest for the Office of President in their party's primary election who are not provided permission by a small number of party officials.

37.     The Presidential Qualification Clause of Article II, Section 1, Clause 5 of the United States Constitution was included precisely to prevent an ever-escalating set of differing state requirements for presidential candidates.

38.     The challenged statute strikes at the very heart of the constitutional framework establishing a unified set of requirements that a citizen must satisfy to contest for the Office of President of the United States in America's only national election.

39.     The challenged statute is not an internal Republican or Democratic Party rule.

40.     The challenged statute does not prevent and is not related to the prevention of "party raiding" to protect the associational rights of political parties.

41.     Defendant's threatened enforcement of the challenged statute is the direct and proximate cause of Plaintiff's constitutional injury.

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 8

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

42.     Plaintiff's injuries are the direct and proximate result of Defendant's enforcement of RCW 29A.56.031 against Plaintiff.

43.     The challenged statute threatens Plaintiff's rights in future elections as Plaintiff intends to seek the 2024 Republican Party presidential nomination.

44.     Plaintiff has no other remedy available at law.

## VI.    COUNT I

(As-Applied Challenge – Violation of Presidential Qualification Clause)

45.     Plaintiff reasserts each preceding paragraph as if set forth fully herein.

46.     RCW 29A.56.031 imposes the additional qualification on citizens otherwise qualified to hold the Office of President of the United States that they comply with any additional requirement imposed by a political party to gain access to a taxpayer-funded presidential primary ballot.

47.     The Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution enumerates the exclusive qualification to hold the Office of President of the United States.

48.     Accordingly, RCW 29A.56.031 imposes an additional qualification on Plaintiff, who is otherwise qualified under the presidential Qualifications Clause to secure access to Washington's 2020 primary election ballot in violation of rights guaranteed to Plaintiff De La Fuente under Article II, section 1, clause 5 of the United States Constitution for which Plaintiff requests emergency preliminary and permanent declaratory and injunctive relief against Defendant's threatened enforcement of RCW 29A.56.031.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court:

COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 9

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

(A)      Enter emergency preliminary injunctive relief against Defendant from enforcing RCW 29A.56.031 in the 2020 Washington Republican presidential primary election;

(B)      Order Defendant to print the name of Plaintiff Roque "Rocky" De La Fuente on the 2020 Washington Republican presidential primary election ballot;

(C)      Enter permanent injunctive relief against Defendant from enforcing RCW 29A.56.031 in future presidential primary elections;

(D)      Declare RCW 29A.56.031 unconstitutional;

(E)      Award Plaintiff the cost of this action together with Plaintiff's reasonable attorney fees and expenses pursuant to 42 U.S.C. § 1988; and,

(F)      Retain jurisdiction of this action and grant Plaintiff such other relief which in the determination of this Honorable Court to be necessary and proper.

Respectfully submitted,

Dated this 17th day of January, 2020.

BADGLEY MULLINS TURNER PLLC

/s/Donald H. Mullins
Donald H. Mullins, WSBA #4966
Wesley G. Foreman, WSBA #44269
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Facsimile: (206) 621-9686
Email: dmullins@badgleymullins.com
Email: wforeman@badgleymullins.com
**Attorneys for Plaintiff**

IMPG Advocates

/s/ Paul A. Rossi
Paul A. Rossi, PSBA #84947
316 Hill Street
Suite 1020

**COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF - 10**

1    Mountville, PA  17554
2    (717) 681-8344
     Email:Paul-Rossi@comcast.net
3    **_Attorney for Plaintiff, Admission Pro Hac Vice_**
     **_Pending_**
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLAINT FOR INJUNCTIVE AND
DECLARATORY RELIEF - 11**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
**TEL** 206.621.6566
**FAX** 206.621.9686