UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROQUE DE LA FUENTE,

          Plaintiff,

v.

KIM WYMAN, in her official capacity as the Secretary of State of the State of Washington,

          Defendant.

CASE NO. C20-5045 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND REQUESTING A JOINT STATUS REPORT

This matter comes before the Court on Plaintiff Roque De La Fuente's ("Plaintiff") emergency motion for a temporary restraining order. Dkt. 8.

On January 17, 2020, Plaintiff filed a complaint against Defendant Kim Wyman in her official capacity as the Secretary of State of the State of Washington ("State"). Dkt. 1. Plaintiff asserts that RCW 29A.56.031 violates the United States Constitution because it "imposes the additional qualification on citizens otherwise qualified to hold the Office of President of the United States that they comply with any additional requirement imposed by a political party to gain access to a taxpayer-funded presidential primary ballot." *Id.* ¶ 46. Plaintiff alleges that he is a candidate for President, has the desire to

run as a representative of the Republican party in Washington State, and seeks to have his name appear on the primary ballot as a Republican candidate. *Id.* ¶ 15. RCW 29A.56.031 requires that the chair of the Washington Republican Party submit the names to the State of all candidates for that party. The Washington Republican Party imposes a contribution fee of $12,000 "as a condition precedent to secure access to Washington's presidential primary election ballot." *Id.* ¶ 18. Plaintiff did not pay the fee, and the Washington Republican Party refused to certify that he was qualified to appear on the primary ballot in the State. Plaintiff seeks a declaration that RCW 29A.56.031 is unconstitutional and an injunction ordering the State to place his name on the primary ballot as a Republican candidate.

On January 22, 2020, Plaintiff filed an emergency motion for a temporary restraining order requesting an injunction preventing the State "from printing any Republican presidential primary ballots without the name of Plaintiff printed thereon." Dkt. 8 at 17.

A plaintiff seeking preliminary relief must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). The Ninth Circuit "has adopted and applied a version of the sliding scale approach under which a preliminary injunction could issue where the likelihood of success is such that 'serious questions going to the merits were raised and the balance of hardships tips sharply in

[plaintiff's] favor.'" *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

A. **Likelihood of Success**

Plaintiff presents two arguments that he is likely to succeed on the merits. First, Plaintiff argues that RCW 29A.56.031 presents an improper additional qualification on candidates for President. Dkt. 8 at 9–14. Under binding precedent, the Court must determine whether the statute in question either creates "an absolute bar to candidates, who otherwise meet the requirements of the Qualifications Clause" or has the "likely effect of handicapping an otherwise qualified class of candidates." *Schaefer v. Townsend*, 215 F.3d 1031, 1035 (9th Cir. 2000). Plaintiff argues the latter test applies. Plaintiff, however, fails to cite any binding or persuasive authority that a State's delegation of selecting primary candidates for a major political party to that party's leadership has the likely effect of handicapping an entire class of candidates. At most, binding precedent precludes a state from implementing regulations that handicap all potential candidates regardless of party affiliation. Here, the State delegates to the *political* party the decision to choose its *political* nominees for the primary ballot. The only candidates that are allegedly handicapped are those that fail to gain such a nomination from that political party, and Plaintiff fails to cite any precedent or persuasive authority to establish that this regulation and/or delegation is unconstitutional. Therefore, Plaintiff has failed to establish that he is likely to succeed on the merits of this argument.

Second, Plaintiff argues that the $12,000 payment is an unconstitutional loyalty oath. Dkt. 8 at 14–15. The main problem with Plaintiff's argument is that he fails to

allege personal participation on behalf of a state actor to bring such a claim under 42 U.S.C. § 1983. Although Plaintiff cites authorities in support of his position, every one of those authorities addresses a state statute that requires the alleged oath. *See Communist Party of Indiana v. Whitcomb*, 414 U.S. 441, 446 (1974) (state statute requiring oath that party did not intend to "overthrow of local, state, or national government by force or violence"); *Biener v. Calio*, 361 F.3d 206 (3rd Cir. 2004) (state statute requiring filing fee for primary candidates); *Green Party of Tennessee v. Hargett*, 791 F.3d 684, 696 (6th Cir. 2015) (state statute requiring oath that party did not intend to "overthrow of local, state, or national government by force or violence"). Therefore, Plaintiff has failed to establish that he has stated a valid claim against the State for an improper loyalty oath much less that he is likely to succeed on the merits of such a claim.

**B.    Balance of Equities**

It should be noted that Plaintiff and his counsel have previously filed an "emergency" motion without clearly identifying any actual emergency. *See De La Fuente v. Wyman*, C16-5801 BHS, Dkt. 10 (W.D. Wash. Sep. 21, 2016). Similarly, Plaintiff again fails to identify any emergency. The State's website, however, identifies January 7, 2020 as the date primary candidates must be certified by the major political parties and January 25, 2020 as the date primary ballots are mailed to members of the military and voters living overseas. https://www.sos.wa.gov/elections/candidates/presidential-primary-candidate-information.aspx. Thus, Plaintiff not only waited ten days from the certification deadline to file his complaint, he also waited five days after filing his complaint and a mere three

days before ballots would be mailed to file this emergency motion. The Court finds that, at the very least, Plaintiff has failed to establish that the balance of equities tips in his favor with such delay. At most, the balance tips in the State's favor by having to print and distribute thousands on ballots on a publicly set timeframe that would be jeopardized by a delayed request for injunctive relief.

Therefore, the Court **DENIES** Plaintiff's motion for a temporary restraining order, Dkt. 8. Plaintiff also seeks a preliminary injunction. The Court requests a joint status report ("JSR") from the parties regarding how they intend to proceed with a preliminary injunction in light of this order. The JSR shall be filed no later than January 31, 2020.

**IT IS SO ORDERED**

Dated this 23rd day of January, 2020.

BENJAMIN H. SETTLE
United States District Judge