UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMERICAN DELTA PARTY; and ROQUE "ROCKY" DE LA FUENTE,<br><br>                Plaintiffs,<br><br>vs.<br><br>KIM WYMAN, in her official capacity as the Secretary of State of the State of Washington,<br><br>                Defendant. | Case No.: 3:20-cv-05045-BHS<br><br><br>AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |

## I.   NATURE OF THE COMPLAINT: AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.      Plaintiff, AMERICAN DELTA PARTY by and through its undersigned legal

counsel, files this civil action pursuant to 42 U.S.C. § 1983 for prospective equitable and

declaratory relief against Defendant, KIM WYMAN, made a party to this action in her official

capacity as the Secretary of State for the State of Washington, and as the chief elections official

charged with enforcement of Washington Election Code, RCW 29A.56.600, RCW 29A.56.610,

RCW 29A.56.620, RCW 29A.56.630, RCW 29A.56.640, RCW 29A.56.650, RCW 29A.56.660

and RCW 29A.56.670, which Plaintiff AMERICAN DELTA PARTY alleges violate rights

guaranteed to Plaintiff AMERICAN DELTA PARTY under the First and Fourteenth

AMENDMENT COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 1

**BADGLEY MULLINS TURNER** PLLC<br>19929 Ballinger Way NE, Suite 200<br>Seattle, WA 98155<br>**TEL** 206.621.6566<br>**FAX** 206.621.9686

Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, to the extent that the above referenced challenged statutory provisions require Plaintiff AMERICAN DELTA PARTY to organize, provide notice, and hold a convention in the State of Washington to nominate Plaintiff's nominees for president and vice-president of the United States.  Plaintiff AMERICAN DELTA PARTY also alleges that RCW 29A.56.660 and RCW 29A.56.670 violate rights guaranteed to Plaintiff under the Presidential Elector Qualifications Clause of Article II, Section 1, Clause 2 of the United States Constitution, to the extent the challenged statutory provisions require, or Defendant interprets to require, that Plaintiff AMERICAN DELTA PARTY must select residents of the State of Washington to be its candidates for the Washington State Electoral College in excess of the exclusive list of qualifications imposed under the Presidential Elector Qualifications Clause.

2.      Plaintiff, ROQUE "ROCKY" DE LA FUENTE by and through his undersigned legal counsel, files this civil action pursuant to 42 U.S.C. § 1983 for prospective equitable and declaratory relief against Defendant, KIM WYMAN, made a party to this action in her official capacity as the Secretary of State for the State of Washington and as the chief elections official charged with enforcement of Washington Election Code, RCW 29A.56.031, which Plaintiff alleges violates rights guaranteed to him under the Presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution, as an unconstitutional additional qualification to seek the office of President of the United States, and the First and Fourteenth Amendments to the United States Constitution, as an excessive ballot access filing fee as authorized and/or permitted to be imposed on presidential candidates by the challenged statute.

## II.   JURISDICTION

3.      Jurisdiction lies in this Court under 28 U.S.C. § 1331, providing that the district

courts of the United States shall have original jurisdiction of all civil actions arising under the Constitution of the United States.

4.     Moreover, jurisdiction lies under 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a), the jurisdictional counterpart of 42 U.S.C. § 1983, as Plaintiffs allege violation of rights guaranteed to them under the United States Constitution.

### III.   VENUE

5.     Venue is proper in the United States District Court for the Western District of Washington, Tacoma Division under 28 U.S.C. § 1391, as Defendant exercises her statutory authority as the chief elections official of the State of Washington within this district, maintains official offices within this district and all of the events and/or omissions giving rise to the claims advanced in this litigation occurred in this district.

### IV.   PARTIES

6.     Plaintiff AMERICAN DELTA PARTY is a political party organized in 2016 to nominate and advocate the election of presidential and vice-presidential candidates to oppose candidates nominated for those offices by the Republican and Democratic Parties, and who advocate: (1) adherence to the United States Constitution; (2) conservative economic and foreign policy positions; (3) moderate positions on social policy issues which do not entangle the government in the personal affairs of the citizenry; and (4) uniform, nondiscriminatory and less restrictive ballot access rules for candidates for federal, state and local office.  Plaintiff intends to nominate candidates for the Office of the President of the United States and Vice-President of the United States in the 2020 and 2024 general elections.  The chairman of Plaintiff AMERICAN DELTA PARTY is Mohamad Nasser Alkassmi.  Plaintiff AMERICAN DELTA PARTY is headquartered at 564 Saint Matthews Road, West Pikeland Township in Berk

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - 3

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

County, Pennsylvania.

7.     Plaintiff ROQUE "ROCKY" DE LA FUENTE (hereinafter "Plaintiff DE LA FUENTE"), is a registered voter and a member of the Republican Party and is a declared candidate for the 2020 presidential nomination of the Republican National Convention. Plaintiff DE LA FUENTE registered as a presidential candidate seeking the 2020 Republican Party presidential nomination with the Federal Elections Commission (hereinafter "FEC") on May 16, 2019.  Plaintiff DE LA FUENTE's FEC presidential identification number is P60016342.  Plaintiff DE LA FUENTE has also announced his intention to seek the presidential nomination of the Republican Party in 2024.   As a candidate for the 2020 Republican Party presidential nomination, Plaintiff DE LA FUENTE sought to secure ballot access to Washington's 2020 Republican presidential primary election seeking to contest for Washington's 44 delegates and 44 alternate delegates to the 2020 Republican National Convention.  However, Plaintiff DE LA FUENTE refused to pay a $12,000 bribe to the Washington Republican Party as a condition precedent to securing access to the Washington Republican presidential primary election.  Plaintiff DE LA FUENTE is a resident of San Diego county in the State of California.

8.     Plaintiff DE LA FUENTE is over the age of 35, is a natural born citizen of the United States of America, having been born in San Diego, California and has been a continual resident of the United States for over 35 years.

9.     Plaintiff DE LA FUENTE satisfies all of the qualifications enumerated under the Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution.

10.     Defendant Kim Wyman, is the Secretary of State of the State of Washington and

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 4

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

is made a party to this action in her official capacity as the official charged with enforcement of the Washington Election Code, including the statutory provisions challenged in this lawsuit, RCW 29A.56.031, RCW 29A.56.600, RCW 29A.56.610, RCW 29A.56.620, RCW 29A.56.630, RCW 29A.56.640, RCW 29A.56.650, RCW 29A.56.660 and RCW 29A.56.670.  Defendant's principal place of business is located at 416 Sid Snyder Avenue, S.W., Olympia, Washington 98504-02220.

## V.  FACTUAL ALLEGATIONS RELATED TO PLAINTIFF AMERICAN DELTA PARTY'S CLAIMS

11.    Plaintiff AMERICAN DELTA PARTY is governed by an executive committee, which is chaired by the Chairman, who is currently Mohamad Nasser Alkassmi.

12.    The authority of the executive committee of Plaintiff AMERICAN DELTA PARTY is set forth in the Bylaws of the American Delta Party.

13.    Rule 8 of the Bylaws of the American Delta Party establishes that the executive committee of the Plaintiff AMERICAN DELTA PARTY is vested with the exclusive authority to determine who shall be the party's nominee for the Office of President of the United States and nominee for the Office of Vice-President of the United States.

14.    Rule 10 of the Bylaws of the American Delta Party prohibit state party members from organizing and/or participating in local or state nominating conventions to nominate candidates for the Office of President of the United States or the Office of Vice-President of the United States.

15.    Rule 16 of the Bylaws of the American Delta Party only permit individual state party members to nominate American Delta Party candidates for state and local political office.

16.    Rule 9 of the Bylaws of the American Delta Party expressly prohibits and denies

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 5

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

the authority of state governments the authority to impose any rules or statutory requirements that require state or local nominating conventions to nominate Plaintiff AMERICAN DELTA PARTY's nominee for the Office of President of the United States or the nominee for the Office of Vice-President of the United States.

17.     Rule 9 of the Bylaws of the American Delta Party also expressly prohibits and denies the authority of state governments to permit registered voters who are not members of the executive board of the American Delta Party to associate with the American Delta Party and/or to participate in the nomination of the party's presidential and vice-presidential candidates.

18.     Rule 8 of the Bylaws of the American Delta Party establishes that the executive committee of the Plaintiff AMERICAN DELTA PARTY is vested with the exclusive authority to determine who shall be the candidates to serve as the party's nominees for presidential electors in the fifty (50) states and permits the executive committee to select any candidate that meets the qualifications of Article II, Section 1, Clause 2 of the United States Constitution, including candidates who are not current residents of the state in which they are nominated.

19.     Rule 9 of the Bylaws of the American Delta Party expressly prohibits and denies the authority of state governments to permit registered voters who are not members of the executive board of the American Delta Party to associate with the American Delta Party and/or to participate in the nomination process of the party's electoral college candidates/nominees.

20.     Rule 17 of the Bylaws of the American Delta Party permit non-party members to sign election petitions to place the names of the American Delta Party's presidential and vice-presidential nominees on state general election ballots.

21.     The Plaintiff AMERICAN DELTA PARTY is a new or minor political party

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

pursuant to RCW 29A.56.600.

22.     RCW 29A.56.600 defines a "convention" as an "organized assemblage of registered voters representing an independent candidate or candidates or a new or minor political party, organization, or principle."

23.     RCW 29A.56.610 requires that in the State of Washington that:

"Nominations of candidates for president and vice president of the United States, other than by a major political party, may be made at a convention conducted not earlier than the first Saturday in May and not later than the fourth Saturday in July in the year that president and vice president appear on the general election ballot.  A minor party may hold more than one convention but in no case shall any such party nominate more than one candidate for president or more than one candidate for vice president.  To be valid, a convention must be attended by at least one hundred registered voters, but a minor party or independent candidate holding multiple conventions may add together the number of signatures of different individuals from each convention in order to obtain and submit to the secretary of state the signatures of at least one thousand registered voters of the state of Washington."

24.     RCW 29A.56.620 requires Plaintiff AMERICAN DELTA PARTY to provide "notice in a newspaper of general circulation within the county in which the party or the candidate intends to hold a convention."  RCW 29A.56.620 further requires that "the notice must appear at least ten days before the convention is to be held, and shall state the date, time, and place of the convention."  RCW 29A.56.620 provides that the notice "shall include the mailing address of the person or organization sponsoring the convention."

25.     Plaintiff AMERICAN DELTA PARTY submits that the notice requirement of RCW 29A.56.620 is unconstitutional and unnecessary as the convention requirement of RCW 29A.56.600 and RCW 29A.56.610 is unconstitutional under the First and Fourteenth Amendments to the United States Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and should be stricken and enjoined.

26.     RCW 29A.56.630 provides that "a nominating petition submitted under this

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

chapter shall clearly identify the name of the minor party or independent candidate convention as it appears on the certificate of nomination as required by RCW 29A.56.640.

27.     As the requirement for Plaintiff AMERICAN DELTA PARTY to hold a nomination convention in the state of Washington is unconstitutional, reference to "convention" in RCW 29A.56.630 is unconstitutional and should be stricken and enjoined.

28.     RCW 29A.56.640 requires, in relevant part, Plaintiff AMERICAN DELTA PARTY to file a "certificate evidencing nominations made at a convention" that must….(2) contain the name of each person nominated. . . .;(3) identify the minor political party….on whose behalf the convention was held; (4) be verified by the oath of the presiding officer or secretary; (6) contain proof of publication of the notice of calling the convention…[.]

29.     RCW 29A.56.640's references to the certification and notice of the "convention" and the requirement that the required certificate of nomination be verified by oath of the presiding officer or secretary of the "convention" is unconstitutional and should be stricken and enjoined.

30.     RCW 29A.56.650 provides a mechanism whereby certificates of nomination purporting to nominate different candidates permits Defendant to place the name of a candidate not nominated by Plaintiff AMERICAN DELTA PARTY on the general election ballot, because anyone unaffiliated with Plaintiff AMERICAN DELTA PARTY can steal Plaintiff's party name by conducting a convention in the state of Washington, which is prohibited by Plaintiff's bylaws.

31.     Accordingly, RCW 29A.56.650 permits an unconstitutional convention to be held under the name of the Plaintiff AMERICAN DELTA PARTY and nominate a presidential candidate who was not nominated pursuant to the national nomination process of Plaintiff

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 8

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

AMERICAN DELTA PARTY, and should be stricken and enjoined.

32.   RCW 29A.56.660 provides that:

"A minor political party…convention nominating candidates for the offices of president and vice president of the United States shall, not later than ten days after the adjournment of the convention, submit a list of presidential electors to the office of the secretary of state."

33.   To the extent that RCW 29A.56.660 imposes a filing deadline tethered to the "adjournment of the convention" and where the requirement to hold a convention in the state of Washington is unconstitutional, the deadline made with reference to the "adjournment of the convention" should be stricken and enjoined.

34.   RCW 29A.56.660 also provides that the list of presidential electors "shall contain the names and the mailing addresses of the persons selected and shall be verified by the presiding officer of the convention.

35.   To the further extent that RCW 29A.56.660 requires that the presiding officer of the convention shall verify the names and mailing addresses of the persons selected as the presidential electors of Plaintiff AMERICAN DELTA PARTY and where the requirement to hold a convention in the state of Washington is unconstitutional and, therefore, no presiding officer available to certify the list of presidential electors, the requirements of RCW 29A.56.660 related to the holding of a convention should be stricken and enjoined.

36.   RCW 29A.56.670 provides that Defendant shall check the certificate…to determine if the requirements of RCW 29A.56.640 have been met….[and] notify the presiding officer of the convention…of his or her decision regarding the sufficiency of the certificate….

37.   Defendant enforces the provisions of RCW 29A.56.660 and RCW 29A.56.670 to require that the names listed as presidential electors must record an address within the state of

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 9

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Washington in violation of the exclusive list of qualifications imposed by the Presidential Elector Qualification clause of Article II, Section 1, Clause 2 of the United States Constitution.

38.     The executive board of Plaintiff AMERICAN DELTA PARTY intends to nominate candidates of president and vice president of the United States for the 2020 general election and has not agreed or consented to permit unaffiliated voters in the state of Washington to hold, conduct or participate in the party's nomination process.

39.     The Supreme Court has held that states have no role in the presidential nomination process of a political party.

40.     Plaintiff AMERICAN DELTA PARTY has the associational right under the First and Fourteenth Amendments to the United States Constitution to determine and limit who shall be permitted to participate in their presidential and vice-presidential nomination process.

41.     RCW 29A.56.610 expressly exempts the nomination of candidates for president and vice president of the United States by convention by major political parties in violation if the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

42.     Defendant's threatened enforcement of the challenged statutes is the direct and proximate cause of Plaintiff AMERICAN DELTA PARTY's constitutional injury as Plaintiff plans for the 2020 and 2024 presidential and vice-presidential nomination process.

43.     Plaintiff AMERICAN DELTA PARTY's injuries are the direct and proximate result of Defendant's enforcement of the various convention requirements and residency requirements for presidential electors imposed by RCW 29A.56.600 through RCW 29A.56.670 against Plaintiff AMERICAN DELTA PARTY.

44.     Plaintiff AMERICAN DELTA PARTY has no other adequate relief at law.

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 10

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## VI.   FACTUAL ALLEGATIONS RELTED TO PLAINTIFF DE LA FUENTE'S CLAIMS

45.     The Presidential Qualification Clause of Article II, Section 1, Clause 5 of the United States Constitution provides the exclusive list of qualifications for an individual to be eligible to seek the Office of President of the United States.

46.     Article II, section 1, clause 5 of the United States Constitution provides that:

No person except a natural born Citizen, or a Citizen of the United States, at the time of the Adoption of this Constitution, shall be eligible to the Office of President; neither shall any person be eligible to that Office who shall not have attained to the Age of thirty five Years, and been fourteen Years a Resident within the United States.

47.     Further, the United States Constitution provides the exclusive list of methods by which a person otherwise eligible for the Office of President may be disqualified to hold the Office of President under the following constitutional provisions:

    (a)     Article I, section 3, clause 7;

    (b)     Fourteenth Amendment, section 3;

    (c)     Twenty-Second Amendment.

48.     Plaintiff DE LA FUENTE satisfies the constitutional requirements to hold the Office of President of the United States.

49.     Plaintiff DE LA FUENTE is not otherwise disqualified by any constitutional provision from holding the Office of President of the United States.

50.     No provision of the United States Constitution provides any authority for the State of Washington to impose additional requirements on eligible citizens to hold the Office of President that are not tethered to a State's legitimate interest to maintain an orderly ballot or properly regulate Washington's election machinery.

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - **11**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

51.     Plaintiff DE LA FUENTE sought to challenge President Trump for the 2020 Republican presidential nomination and qualified for multiple presidential primary election ballots in which candidates were able to secure ballot access without the imposition of additional qualifications such as the payment of mandatory contributions to state party organizations.

52.     RCW 29A.56.031 provides that presidential candidates may only appear on Washington's presidential primary election ballot based on the following statutory requirements:

> "Each party must determine which candidates are to be placed on the presidential primary ballot for that party.  The chair of each party must submit to the secretary of state the names of the candidates to appear on the ballot for that party no later than sixty-three days before the presidential primary.  Once submitted, changes must not be made to the candidates that will appear on the ballot.  No later than the seventh day before the presidential nomination primary, the chair of each party must submit to the secretary of state the names of write-in candidates, if any, to be counted for that party."

53.     The Washington Republican presidential primary election is a taxpayer funded election contest.

54.     RCW 29A.56.031 is not a provision which tests whether or not a candidate as a modicum of support within the electorate to secure access to Washington's presidential primary election ballot.  The challenged provision simply imposes an additional qualification by delegating to a small number of party insiders the authority to impose self-serving additional requirements, such as requiring presidential candidates in 2020 to pay a mandatory donation of $12,000 to the Washington Republican Party, as a condition precedent to secure access to Washington's presidential primary election ballot – a requirement beyond the exclusive list of qualifications enumerated in Article II, Section 1, Clause 5 of the United States Constitution.

55.     No provision of the federal constitution provides that presidential candidates may

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - **12**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

be forced to make large donations to a political party as a condition precedent to appear on an election ballot made part of the process to select the next President of the United States.

56.     In the 2020 presidential primary election, the Washington Republican Party used its delegated authority under RCW 29A.56.031 to extort, as an additional qualification, $12,000 donations from any presidential candidate challenging President Trump for the 2020 nomination of the Republican National Convention.

57.     In 2020, Plaintiff DE LA FUENTE complied with every requirement of the Washington Republican Party to secure ballot access to Washington's 2020 presidential primary election ballot except that he refused to pay a $12,000 donation to the Washington Republican Party.

58.     In 2020, the Washington Republican Party took every action possible to prevent Plaintiff DE LA FUENTE from securing support from members of the Republican State Committee and refused and failed to provide accurate contact information to permit Plaintiff to make contact with party leaders.

59.     Accordingly, the challenged provisions of RCW 29A.56.031 subject presidential candidates seeking the nomination of the Republican Party to arbitrary and capricious demands by rival and contending factions within the Washington Republican Party, in excess of ballot access restrictions that Defendant may constitutionally enforce and exceeds the limited qualifications for presidential candidates established under the Presidential Qualifications Clause.

60.     RCW 29A.56.031 is not designed to avoid ballot clutter or promote a more manageable ballot because each political party is permitted to place as many candidates on the presidential primary ballot as the party demands – all without any requirement that candidates

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

demonstrate support within the party electorate beyond the executive board of the party.

61.     RCW 29A.56.031 is not designed to force, or even permit, a candidate to show any threshold of public support to secure access to the Washington presidential primary ballot.

62.     RCW 29A.56.031 is not designed to promote an orderly or well-regulated election process.

63.     The delegation of unfettered authority to permit a state political party to deny access to Washington's taxpayer funded presidential primary election ballot unless a candidate make a large $12,000 donation to the state party is not designed to promote an orderly or well-regulated election process – it only promotes a corrupt election procedure.

64.     RCW 29A.56.031 applies only to access to the presidential primary ballot and no other election ballot.

65.     Washington has a diminished state interest in regulating the presidential primary election ballot because the presidential primary and general elections are the only elections conducted within Washington which are decided outside the borders of the State.

66.     The United States Supreme Court in *Anderson v. Celebrezze*, 460 U.S. 780 (1983), established that a state may not impose its most stringent ballot access restrictions to prevent ballot access for presidential candidates.

67.     RCW 29A.56.031's only purpose is to prevent otherwise eligible citizens from being able to contest for the Office of President in their party's primary election who are not provided permission by a small number of party officials.

68.     The Presidential Qualification Clause of Article II, Section 1, Clause 5 of the United States Constitution was included precisely to prevent an ever-escalating set of differing state requirements for presidential candidates.

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - **14**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

69.     The challenged statute strikes at the very heart of the constitutional framework establishing a unified set of requirements that a citizen must satisfy to contest for the Office of President of the United States in America's only national election.

70.     The challenged statute is not an internal Republican or Democratic Party rule.

71.     The challenged statute does not prevent and is not related to the prevention of "party raiding" to protect the associational rights of political parties.

72.     Defendant's threatened enforcement of the challenged statute is the direct and proximate cause of Plaintiff's constitutional injury as he plans his campaign for the 2024 Republican presidential nomination.

73.     Plaintiff DE LA FUENTE's injuries are the direct and proximate result of Defendant's enforcement of RCW 29A.56.031 against Plaintiff.

74.     Plaintiff DE LA FUENTE has no other remedy available at law.

## VII.   COUNT I
(Plaintiff AMERICAN DELTA PARTY
FACIAL CHALLENGE – First and Fourteenth Amendments)

75.     Plaintiff AMERICAN DELTA PARTY reasserts each preceding paragraph as if set forth fully herein.

76.     The convention requirement imposed on minor political parties for the nomination of candidates for president and vice president of the United States by RCW 29A.56.610 violates the associational rights guaranteed to Plaintiff AMERICAN DELTA PARTY under the First and Fourteenth Amendments to the United States Constitution, for which Plaintiff AMERICAN DELTA PARTY demands relief.

## VIII.   COUNT II
(Plaintiff AMERICAN DELTA PARTY
FACIAL CHALLENGE – First and Fourteenth Amendments)

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

77.     Plaintiff AMERICAN DELTA PARTY reasserts each preceding paragraph as if set forth fully herein.

78.     The convention requirement imposed on minor political parties for the nomination of candidates for president and vice president of the United States by RCW 29A.56.610 violates the associational rights guaranteed to Plaintiff AMERICAN DELTA PARTY under the First and Fourteenth Amendments.

79.     The additional requirements imposed by RCW 29A.56.620, RCW 29A.56.630, RCW 29A.56.640, RCW 29A.56 650, and RCW 29A.56.660, to the extent that they impose additional requirements referencing, related to the holding and/or conduct of a convention and/or tethered to the requirement of minor political parties to hold a convention in the state of Washington to nominate candidates for president and vice president, impair rights guaranteed to Plaintiff AMERICAN DELTA PARTY under the First and Fourteenth Amendments to the United States Constitution, for which Plaintiff AMERICAN DELTA PARTY demands relief.

## IX.   COUNT III
(Plaintiff AMERICAN DELTA PARTY
AS-APPLIED CHALLENGE – First and Fourteenth Amendments)

80.     Plaintiff AMERICAN DELTA PARTY reasserts each preceding paragraph as if set forth fully herein.

81.     The convention requirement imposed on minor political parties for the nomination of candidates for president and vice president of the United States by RCW 29A.56.610 as applied to Plaintiff AMERICAN DELTA PARTY violates the associational rights guaranteed to Plaintiff AMERICAN DELTA PARTY under the First and Fourteenth Amendments to the United States Constitution, for which Plaintiff AMERICAN DELTA PARTY demands relief.

BADGLEY MULLINS TURNER PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## X.   COUNT IV
(Plaintiff AMERICAN DELTA PARTY
AS-APPLIED CHALLENGE – First and Fourteenth Amendments)

82.     Plaintiff AMERICAN DELTA PARTY reasserts each preceding paragraph as if set forth fully herein.

83.     The convention requirement imposed on minor political parties for the nomination of candidates for president and vice president of the United States by RCW 29A.56.610 violates the associational rights guaranteed to Plaintiff AMERICAN DELTA PARTY under the First and Fourteenth Amendments.

84.     The additional requirements imposed by RCW 29A.56.620, RCW 29A.56.630, RCW 29A.56.640, RCW 29A.56 650, and RCW 29A.56.660, to the extent that they impose additional requirements referencing, related to the holding and/or conduct of a convention and/or tethered to the requirement of minor political parties to hold a convention in the state of Washington to nominate candidates for president and vice president, impair rights guaranteed to Plaintiff AMERICAN DELTA PARTY under the First and Fourteenth Amendments to the United States Constitution for which, Plaintiff AMERICAN DELTA PARTY demands relief.

## XI.   COUNT V
(Plaintiff AMERICAN DELTA PARTY
Equal Protection Clause of the Fourteenth Amendment)

85.     Plaintiff AMERICAN DELTA PARTY reasserts each preceding paragraph as if set forth fully herein.

86.     The provisions of RCW 29A.56.610 which require minor political parties to hold conventions in the state of Washington to nominate candidates for president and vice president of the United States, exempts major political parties from the same requirement.

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - **17**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

87.     The Equal Protection Clause of the Fourteenth Amendment prohibits Defendants from imposing rules on some but not all those similarly situated.

88.     Plaintiff AMERICAN DELTA PARTY is a political party, the same as the major political parties who are exempted from the requirements of RCW 29A.56.610.

89.     Accordingly, RCW 29A.56.610 violates rights guaranteed to Plaintiff AMERICAN DELTA PARTY pursuant to the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution for which Plaintiff AMERICAN DELTA PARTY demands relief.

## XII.   COUNT VI
(Plaintiff AMERICAN DELTA PARTY
Presidential Elector Qualifications Clause – Article II, Section 1, Clause 2 of the United States Constitution)

90.     Plaintiff AMERICAN DELTA PARTY reasserts each preceding paragraph as if set forth fully herein.

91.     Defendant has interpreted and enforces the provisions of RCW 29A.56.660 and RCW 29A.56.670 as requiring presidential electors to record addresses within the state of Washington on the certificate of nomination required to be filed by Plaintiff AMERICAN DELTA PARTY.

92.     The Presidential Elector Qualification Clause does not require presidential electors to reside within the state in which they are nominated.

93.     The Presidential Elector Qualification Clause enumerates the exclusive qualifications to serve as an elector to the Electoral College.

94.     Accordingly, Defendant's enforcement of RCW 29A.56.660 and RCW 29A.56.670 violates the Presidential Elector Qualification Clause of Article II, Section 1,

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

Clause 2 of the United States Constitution for which Plaintiff demands relief.

### XIII.   COUNT VII
#### (Plaintiff DE LA FUENTE
As-Applied Challenge – Violation of Presidential Qualification Clause)

95.     Plaintiff reasserts each preceding paragraph as if set forth fully herein.

96.     RCW 29A.56.031 imposes the additional qualification on citizens otherwise qualified to hold the Office of President of the United States that they comply with any additional requirement imposed by a political party to gain access to a taxpayer-funded presidential primary ballot.

97.     The Presidential Qualification Clause of Article II, section 1, clause 5 of the United States Constitution enumerates the exclusive qualification to hold the Office of President of the United States.

98.     Accordingly, RCW 29A.56.031 imposes an additional qualification on Plaintiff, who is otherwise qualified under the presidential Qualifications Clause to secure access to the Washington's 2020 primary election ballot in violation of rights guaranteed to Plaintiff DE LA FUENTE under Article II, section 1, clause 5 of the United States Constitution for which Plaintiff requests emergency preliminary and permanent declaratory and injunctive relief against Defendant's threatened enforcement of RCW 29A.56.031.

### XIV.   REQUEST FOR RELIEF

WHEREFORE, Plaintiff AMERICAN DELTA PARTY respectfully request that this Court:

(A)     Enter emergency preliminary injunctive relief against Defendant from enforcing RCW 29A.56.610 for the nomination of presidential and vice-presidential candidates by convention by minor political parties in the 2020 presidential general elections;

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

(B)     Enter emergency preliminary injunctive relief against Defendant from enforcing all convention related requirements imposed by RCW 29A.56.600, RCW 29A.56.610, RCW 29A.56.620, RCW 29A.56.630, RCW 29A.56.640 and RCW 29A.56.640 for the 2020 presidential general election;

(C)     Enter permanent injunctive relief against Defendant from enforcing RCW 29A.56.610 for the nomination of presidential and vice presidential candidates by convention by minor political parties in all future presidential general elections;

(D)     Enter permanent injunctive relief against Defendant from enforcing all convention related requirements imposed by RCW 29A.56.600, RCW 29A.56.610, RCW 29A.56.620, RCW 29A.56.630, RCW 29A.56.640 and RCW 29A.56.640 in all future presidential general elections;

(E)     Declare the requirement imposed pursuant to RCW 29A.56.610 that minor political parties hold conventions in the state of Washington to nominate candidates for president and vice president of the United States unconstitutional;

(F)     Declare the requirements related to the holding of conventions by minor political parties to nominate candidates for president and vice president of the United States pursuant to RCW 29A.56.600, RCW 29A.56.610, RCW 29A.56.620, RCW 29A.56.630, RCW 29A.56.640 and RCW 29A.56.640 unconstitutional;

(G)     Enter emergency preliminary injunctive relief against Defendant's enforcement of RCW 29A.56.660 and RCW 29A.56.670 to require candidates for presidential electors listed on certificates of nomination to be residents of the state of Washington for the 2020 presidential general election;

(H)     Enter permanent injunctive relief against Defendant's enforcement of RCW

AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF - **20**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

29A.56.660 and RCW 29A.56.670 to require candidates for presidential electors listed on certificates of nomination to be residents of the state of Washington in all future presidential general elections;

(I)     Declare against Defendant's enforcement of RCW 29A.56.660 and RCW 29A.56.670 to require candidates for presidential electors listed on certificates of nomination to be residents of the state of Washington unconstitutional;

(J)     Award Plaintiff AMERICAN DELTA PARTY the cost of this action together with Plaintiff's reasonable attorney fees and expenses pursuant to 42 U.S.C. § 1988; and,

(K)     Retain jurisdiction of this action and grant Plaintiff AMERICAN DELTA PARTY such other relief which in the determination of this Honorable Court to be necessary and proper.

WHEREFORE, Plaintiff DE LA FUENTE respectfully requests that this Court:

(A)     Enter permanent injunctive relief against Defendant from enforcing RCW 29A.56.031 in future presidential primary elections;

(B)     Declare RCW 29A.56.031 unconstitutional;

(C)     Award Plaintiff the cost of this action together with Plaintiff's reasonable attorney fees and expenses pursuant to 42 U.S.C. § 1988; and,

(D)     Retain jurisdiction of this action and grant Plaintiff such other relief which in the determination of this Honorable Court to be necessary and proper.

Respectfully submitted,

Dated this 26th day of March, 2020.

BADGLEY MULLINS TURNER PLLC

*/s/ Donald H. Mullins*
Donald H. Mullins, WSBA #4966

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Email: dmullins@badgleymullins.com
**Attorney for Plaintiffs**

*/s/ Wesley G. Foreman*
Wesley G. Foreman, WSBA #44269
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
Telephone: (206) 621-6566
Email: wforeman@badgleymullins.com
**Attorney for Plaintiffs**

IMPG Advocates

*/s/ Paul A. Rossi*
Paul A. Rossi, PSBA #84947 (***Pro Hac Vice***)
316 Hill Street, Suite 1020
Mountville, PA  17554
(717) 681-8344
Email: Paul-Rossi@comcast.net
**Attorney for Plaintiffs**

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686

## CERTIFICATE OF SERVICE

Plaintiffs, by and through the undersigned hereby certifies that the foregoing Amended Complaint was filed with the Clerk of this Court through the Court's ECF system. Plaintiffs further certify that that opposing counsel is a registered ECF filer and automatically received service of this filing through the Court's ECF system.

DATED this 26th day of March 2020.

s/ Jennifer Bates
Jennifer Bates, Paralegal

AMENDED COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF - 23

**BADGLEY MULLINS TURNER** PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA 98155
TEL 206.621.6566
FAX 206.621.9686