THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
TACOMA DIVISION

| | |
|---|---|
| AMERICAN DELTA PARTY; and ROQUE "ROCKY" DE LA FUENTE,<br><br>PLAINTIFFS,<br><br>vs.<br><br>KIM WYMAN, in her official capacity as the Secretary of State of the State of Washington,<br><br>DEFENDANT. | Case No.: 3:20-cv-05045-BHS<br><br>JOINT STATUS REPORT AND DISCOVERY PLAN |

The parties, through their undersigned counsel, submit this Joint Status Report and Discovery Plan as required by Fed. R. Civ. P. 26(f) and LCR 16 and 26(f).

**1. A Statement of the Nature and Complexity of the Case**

*Plaintiffs' Statement*

This case is a challenge of the constitutionality of several statutes under Washington Election Code. Plaintiff American Delta Party is alleging that RCW 29A.56.600 through .670, facially and as-applied, violate rights guaranteed to Plaintiff American Delta Party under the

JOINT STATUS REPORT AND DISCOVERY PLAN - 1

First and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, to the extent the above referenced statutes require American Delta Party to organize, provide notice, and hold a convention in the State of Washington to nominate Plaintiff's nominees for president and vice president of the United States.  Further, Plaintiff American Delta Party is alleging that RCW 29A.56.660 - .670 violate rights guaranteed to American Delta Party under the Presidential Elector Qualifications Clause of Article II, Section 1, Clause 2 of the United States Constitution, to the extent the challenged statutory provisions require, or Defendant interprets them to require, that American Delta Party must select residents of the State of Washington to be its candidates for the Washington State Electoral College in excess of the exclusive list of qualifications imposed under the Presidential Elector Qualifications Clause.

      Plaintiff Roque De La Fuente is alleging that RCW 29A.56.031, as-applied, violates rights guaranteed to him under the Presidential Qualifications Clause of Article II, Section 1, Clause 5 of the United States Constitution, as an unconstitutional additional qualification to seek the office of President of the United States, and the First and Fourteenth Amendments to the United States Constitution, as an excessive ballot access filing fee as authorized and/or permitted to be imposed on presidential candidates by the challenged statute.

      Plaintiffs view these as legal issues, and will conduct discovery accordingly.  The parties believe that a majority of the relevant records can and will be exchanged through initial disclosures.  Plaintiff will likely supplement with written discovery requests and select depositions.

      In evaluating the constitutionality of restriction on ballot access, the rigorousness of the court's inquiry depends upon the extent to which a challenged regulation burdens First and

JOINT STATUS REPORT AND DISCOVERY PLAN - 2

Fourteenth Amendment rights. When constitutional rights are subjected to severe restrictions, the regulation must be narrowly drawn to advance a state interest of compelling importance. Courts must also examine whether the regulation has the effect of handicapping otherwise qualified candidates. However, when a state election law provision imposes only reasonable, nondiscriminatory restrictions upon the First and Fourteenth Amendment rights of voters, the State's important regulatory interests are generally sufficient to justify the restrictions.

The provisions of Washington's Election Code as challenged by Plaintiffs, facially and as-applied, requiring minor parties to hold a convention, as well as additional requirements related, referencing, or tethered-to the convention requirement represent a severe restriction such that the State of Washington cannot show a compelling governmental interest, and further, serve the purpose of handicapping an otherwise qualified candidate.

When evaluating a qualifications clause challenge, the question is whether a state has imposed an additional qualification requirement on those seeking the Office of President beyond requirements set forth in the United States Constitution. The provisions of Washington's Electoral Code challenged by Plaintiffs, facially and as-applied, impose additional qualification requirements beyond those set forth in the Constitution.

*Defendant's Statement*

This case presents four legal issues: (1) the constitutionality, facially and as-applied to American Delta Party, of Washington's statutory requirement that minor party candidates for president and vice president obtain signatures at a "convention," Wash. Rev. Code § 29A.56.610; (2) the constitutionality, facially and as-applied to American Delta Party, of five Washington statutes that relate to or reference the "convention" requirement, *id.* §§ 29A.56.620 through .660; (3) the constitutionality of Washington's requirement that Washington presidential electors be

JOINT STATUS REPORT AND DISCOVERY PLAN - 3

residents of Washington State; (4) the constitutionality, as-applied to Mr. De La Fuente, of the Washington statute permitting major political parties to "determine which candidates are to be placed on the presidential primary ballot for that party, *id.* § 29A.56.031

These are legal questions. Accordingly, it is Defendant's position that discovery will be targeted and minimal.

With respect to ballot access, the relevant legal test is well-established. First, courts determine the magnitude of the burden that the requirement places on candidates and determine whether it is "severe." Second, courts identify the interests put forward as justifications for the requirement and the fit between the justification and the requirement. When a requirement is severe, the State must identify a compelling governmental interest and demonstrate that the requirement is the least restrictive means of accomplishing that interest. For all other requirements, the State need only identify an "important" regulatory interest and show a "reasonable" fit between the interest and the requirement.

Washington's "convention" requirement is not a severe burden and there is a reasonable fit between the convention requirement and multiple important state interests.

With respect to the presidential elector requirements, the Washington Legislature exercised its constitutional authority to direct the manner in which electors are appointed. *See* U.S. Const., art. II, § 1, cl. 2.

With respect to presidential primaries for major political parties, Washington law strikes a constitutionally-permissible balancing of the associational rights of major political parties and the public's interest in participating in the nominating process of major political parties.

**2.     Proposed deadline to Join Additional Parties**

The parties propose this deadline be set June 22, 2020.

**3.     Consent to Proceed Before Magistrate**

No.

**4.     Proposed Discovery Plan**

    A.     <u>Date of Rule 26(f) Conference and Initial Disclosures</u>

Plaintiffs' counsel and Defendant's counsel held a Rule 26(f) conference on May 11, 2020.  The parties Rule 26(a)(1) initial disclosures for current parties were exchanged on May 18, 2020.  Any Rule 26(a)(1) initial disclosures for any parties joined to this action on or before June 22, 2020 will be exchanged no later than July 6, 2020.

    B.     <u>Subjects, Timing, and Potential Phasing of Discovery</u>

*Plaintiffs' Perspective on Discovery*

The parties have had preliminary discussions regarding the discovery sought by Plaintiffs.  Defendants have represented that they intend to produce as much of this information as possible through their initial discoveries.  The parties anticipate that written discovery will be sought by all parties.  Plaintiffs intend to conduct additional discovery by deposition testimony.  Owing to the COVID-19 pandemic the parties are uncertain when in person discovery can be safely accomplished.

*Defendant's Perspective on Discovery*

Defendant's anticipate seeking very little discovery. Any discovery will be primarily written but may also include a small number of depositions.

    C.     <u>Electronically-Stored Information</u>

The parties expect some limited discovery may be in electronic form and intend to make every attempt to stipulate and agree to the form or forms in which electronic discovery should be produced or otherwise made available.  To the extent any issues regarding the format for

JOINT STATUS REPORT AND DISCOVERY PLAN - 5

electronic discovery arise, the parties will confer in good faith and, if necessary, bring them to the attention of the Court.  If necessary, the parties will enter into an agreement similar to the Court's Model Agreement Regarding Discovery of ESI.

The parties do not believe the "Additional Provisions for More Complex Cases" attached to the Court's Model Agreement will be necessary in this case.

D. <u>Privilege Issues and Protective Order</u>

At this time, the parties are not aware of any specific privilege issues but they agree that any documents withheld on the basis of privilege and pre-dating the filing of the complaint in this action should be listed on a privilege log.  The parties agree that no changes should be made to the federal and local civil rules and federal and state law governing issues of privilege and work product protection, including protections for materials that are inadvertently produced.  The parties anticipate entering an agreement to govern the designation of confidential information based on the Court's Model Stipulated Protective Order.

E. <u>Changes in the Limitations on Discovery</u>

The parties agree that no changes should be made at this time to the federal and local civil rules regarding discovery, reserving the right of each party to seek leave of the court to exceed the limitations on discovery imposed by those rules should it become necessary.

F. <u>Need for Additional Orders</u>

The parties do not currently request the Court to enter any orders, other than a Scheduling Order.  However, Plaintiffs anticipate the filing of a motion seeking a preliminary injunction of the requirement to hold nominating conventions in the State of Washington for the 2020 presidential election.  An appropriate order will be filed with any such motion.

**5. Rule 26(f)(1) Topics**

JOINT STATUS REPORT AND DISCOVERY PLAN - 6

A.   Prompt Case Resolution

The parties anticipate prompt resolution through dispositive motions, such as cross-motions for summary judgment.  The parties, or the Court, may request oral argument on dispositive motions. If the case is not fully resolved by way of dispositive motions, the court should move to set a trial date.

B.   Alternative Dispute Resolution

Because Plaintiff is challenging the constitutionality of a state statute, this case is not a good candidate for alternative dispute resolution.

C.   Related Cases

The parties are not aware of any related cases, as defined by LCR 3(g)(4).

This Court previously presided over *De La Fuente v. Wyman*, 3:16-cv-05801, which challenged the notice requirement for presidential nominating conventions for minor political parties.

D.   Discovery Management

The parties agree that electronic service of all documents, including discovery requests and responses, shall constitute sufficient service.  Subject to the parties' respective statements about the propriety, timing and sequencing of discovery, they agree to manage discovery in an efficient manner that minimizes expense and burden.

i.   Joint Submission and/or Letter Briefing for Discovery Motions

The parties agree to use the expedited procedure for consideration of discovery motions, pursuant to the procedures set forth in Local Rule 37.

ii.   Electronic Service

The parties agree that, for purposes of service and computation of response deadlines

JOINT STATUS REPORT AND DISCOVERY PLAN - 7

under Local Rules, filing by ECF will constitute service by hand on the date ECF automated notification is sent.  The parties agree that electronic service of all other documents, including discovery and responses, shall also constitute sufficient service.

    E.        Anticipated Discovery Sought

To the extent necessary, the parties intend to use standard discovery (interrogatories, requests for production of documents, requests for admission, oral depositions and subpoenas) to investigate the topics set forth in 4(B), *supra*.

    F.        Anticipated Motions

Plaintiffs will file a motion for preliminary injunctive relief on or before June 15, 2020.  The parties anticipate they will file cross-motions for summary judgment.  Defendant reserves the right to bring a motion to dismiss at any time permitted under the civil rules.  Additionally, the parties reserve the right to bring a motion for summary judgment at any time permitted under the civil rules.

    G.        Preservation of Discoverable Information

All parties confirm that reasonable and appropriate steps are being taken to preserve all potentially discoverable information, including ESI, based on the parties' current knowledge of Plaintiffs' allegations.

    H.        Privilege Issues

The parties are not aware of any unusual privilege issues but they agree that any information withheld on the basis of privilege will be logged as required under the civil rules.

    I.        Model Protocol for Discovery of ESI

The parties reviewed the Court's Model Agreement Regarding Discovery of ESI.  The parties agree the Model Agreement may be applicable to this case and plan to discuss this issue

JOINT STATUS REPORT AND DISCOVERY PLAN - 8

further.

6.     **Proposed Discovery Cutoff**

The parties propose the dates below. However, the parties agree that these discovery deadlines should be stayed pending the Court's consideration of any motion for preliminary injunction or dispositive motion.

Absent a stay described above, the parties propose that written discovery must be served by August 14, 2020.  The parties propose that response to written discovery shall be served no later than October 16, 2020.  The parties propose that all discovery shall be complete by November 20, 2020, providing that the COVID-19 pandemic does not impose scheduling difficulties for oral depositions.  The parties agree to request a status conference to resolve any COVID-19 scheduling issues with the Court.

7.     **Bifurcation**

The parties agree that at this time there is no need for bifurcation.

8.     **Pretrial Statements and Pretrial Orders**

The parties anticipate resolving this case through cross-motions for summary judgment, rather than a trial. Should trial be necessary, the parties agree to the use of pretrial statements and a pretrial order under LCR 16 and LCR 16.1.

9.     **Individualized Trial Program/Alternative Dispute Resolution**

The parties do not believe this case is appropriate for the Court's Individualized Trial Program.  The parties do not feel that alternative mediation is appropriate in this case.

10.    **Case Shortening or Simplification Suggestions**

The parties have no further suggestions for shortening or simplifying the case at this time, but will work together in discovery to efficiently prosecute and defend this action.

JOINT STATUS REPORT AND DISCOVERY PLAN - 9

**11.    Trial Readiness Date**

The parties anticipate resolving this case through cross-motions for summary judgment rather than a trial.

**12.    Jury or Non-Jury Trial**

Should a trial be necessary, Plaintiffs request a jury to resolve any issues of material fact.

**13.    Estimated Length of Trial**

The parties anticipate resolving this case through cross-motions for summary judgment, rather than a trial.  However, if a trial should be necessary, the parties will file an updated joint status report setting forth their views on the estimated length of a trial.

**14.    Trial Counsel Contact Information**

<u>For Plaintiffs</u>:

Donald H. Mullins, WSBA #4966
Wesley G. Foreman, WSBA #44269
Badgley Mullins Turner PLLC
19929 Ballinger Way NE, Suite 200
Seattle, WA  98155
Telephone:  (206) 621-6566
Facsimile:   (206) 621-9686
Email:  wforeman@badgleymullins.com
Email: dmullins@badgleymullins.com

Paul A. Rossi, PASBA #84947
IMPG Advocates, Inc.
316 Hill Street
Suite 1020
Mountville, PA  17554
Telephone:  (717) 615-2030
            (717) 681-8344
Email:  Paul-Rossi@comcast.net
        Paularossi@comcast.net

<u>For Defendant</u>:

Karl Smith
P.O.Box 40100

JOINT STATUS REPORT AND DISCOVERY PLAN - 10

1125 Washington Street, SE
Olympia, WA  98504-0100
Telephone:  (360) 664-2510
Email:  Karl.Smith@atg.wa.gov

### 15. Trial Scheduling Issues and Complications

The parties request the Court defer setting a trial date until after a decision whether the case can be resolved through a motion for summary judgment.

### 16. Status of Service of Process

Defendant has been served.

### 17. Scheduling Conference Needs

The parties believe a scheduling conference should be scheduled after the completion of discovery to set the deadline for the filing of dispositive motions, responses and replies on or about December 18, 2020.

RESPECTFULLY SUBMITTED AND DATED: May 26, 2020

| BADGLEY MULLINS TURNER PLLC | ROBERT W. FERGUSON |
| --- | --- |
| | Attorney General |
| *s/ Donald H. Mullins* | *s/ Karl D. Smith* |
| Donald H. Mullins, WSBA #4966 | Karl D. Smith, WSBA # 41988 |
| Wesley G. Foreman, WSBA #44269 | Deputy Solicitor General |
| Badgley Mullins Turner PLLC | P.O. Box 40100 |
| 19929 Ballinger Way NE, Suite 200 | Olympia, WA 98504 |
| Seattle, WA 98155 | Telephone: (360) 753-6200 |
| Telephone:  (206) 621-6566 | Email: karl.smith@atg.wa.gov |
| Facsimile:   (206) 621-9686 | |
| Email: wforeman@badgleymullins.com | *Counsel for Defendant* |
| Email: dmullins@badgleymullins.com | |

Paul A. Rossi, PSBA #84947 (*pro hac vice*)
IMPG Advocates, Inc.
316 Hill Street, Suite 1020
Mountville, PA  17554
Telephone:  (717) 615-2030
              (717) 681-8344

JOINT STATUS REPORT AND DISCOVERY PLAN - 11

Email:  Paul-Rossi@comcast.net
Paularossi@comcast.net

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify, under penalty of perjury, that I electronically filed a true and correct copy of the foregoing document with the Clerk of the Court of the Western District of Washington by using the CM/ECF system which will send notification of such filing to all parties registered.

Dated this 26th day of May, 2020.

*s/ Yonten Dorjee*
Yonten Dorjee, Paralegal
Email:  ydorjee@badgleymullins.com

JOINT STATUS REPORT AND DISCOVERY PLAN - 12